23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Arthur R. WEED, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1608.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from summary judgment for the Secretary denying the plaintiff's claim for Social Security disability benefits. The plaintiff suffered a back injury in a work-place accident and following treatment and a period of recuperation returned to work. After a short time, however, plaintiff became unable to perform his duties as a heavy equipment operator and has not engaged in any gainful activity since May 21, 1988.
 
 
 2
 The plaintiff filed this claim for benefits on November 2, 1989. The claim was denied initially and again upon reconsideration. The plaintiff then requested a hearing before an administrative law judge (ALJ) and the hearing was held on August 13, 1990. The plaintiff testified concerning his injury, his persistent pain, his attempt to return to work, and the results of examinations and treatment by various doctors. Many medical reports were submitted as part of the administrative record. The plaintiff's treating physician, Dr. Johnston, stated in 1988 that the plaintiff was totally disabled and would never be able to return to work. Dr. Johnston based this conclusion on physical examinations, CAT scans and x-rays, and reports from an orthopedic specialist to whom Dr. Johnston had referred the plaintiff. After the hearing, the ALJ referred the plaintiff for further consultation and examination to Dr. Campbell, who found no serious limitation on work-related activities.
 
 
 3
 The administrative law judge entered a decision in which he found that the plaintiff has serious impairments but that no single impairment or combination equals the listings in the Social Security Regulations. The ALJ described the plaintiff's severe impairments as "mechanical low back pain and borderline intellectual functioning." Psychological testing indicated that the plaintiff has borderline intellectual capacity, and is illiterate.
 
 
 4
 The ALJ found that the plaintiff's back impairment prevented him from returning to his former work, but that he has the residual functional capacity to perform a significant number of sedentary jobs and therefore is not disabled. A vocational expert (VE) testified at the hearing that if full credibility were given to the plaintiff's testimony there is no work in the national economy that he could perform. The ALJ then asked the VE to assume full credibility except as to the plaintiff's claim that he must recline frequently during the day and to assume that Weed could elevate his feet at a work station. Based on these assumptions, the VE responded that there were a number of unskilled sedentary occupations, the duties of which Weed could perform.
 
 
 5
 The ALJ did not credit the plaintiff's testimony in full. He found that the plaintiff's claims of limitation of motion were not consistent with objective findings and that his claims of disabling pain were not supported by the record. In discussing the plaintiff's credibility, the ALJ noted that the plaintiff receives Workers Compensation payments and has no motivation to begin working at an entry level, unskilled job.
 
 
 6
 The ALJ also concluded that Dr. Johnston, the treating physician, did not support his finding of total disability with objective evidence and that none of the other orthopedic, neurological or psychological evaluations supported a finding of total disability. Based on this conclusion, the Secretary denied benefits.
 
 
 7
 The plaintiff appealed the Secretary's final decision to the district court. The district court referred the case to a magistrate judge who filed a lengthy report which concluded with a recommendation that the district court reverse the Secretary's finding of no disability. The Secretary filed objections to the report and, following a de novo review, the district court disagreed with the magistrate judge and granted summary judgment to the Secretary.
 
 
 8
 The plaintiff appealed and, both parties having waived oral argument, the case was submitted to the court on briefs and the administrative record.
 
 
 9
 The questions on appeal are whether the Secretary applied the correct legal standards and whether substantial evidence supports the Secretary's decision of no disability. The plaintiff argues that the ALJ failed to apply the proper legal standard in refusing to give substantial deference to the opinion of Dr. Johnston. Five doctors, including Dr. Johnston, who examined Weed and reviewed the CAT scan of Weed's back found problems in the fifth lumbar area. Two of these doctors concluded that the plaintiff had back pain from a bulge at the fifth lumbar disc, but could not provide an exact diagnosis. One orthopedic specialist, Dr. Redmon, disagreed with Dr. Johnston's diagnosis of a ruptured disc, but concluded that the plaintiff had a serious back problem and could no longer work. Dr. Russell, also an orthopedic specialist, was unsure of the cause of the back pain but did note a problem at the fifth lumbar disc. Only Dr. Campbell, who examined the plaintiff one time after the hearing, felt that the x-rays were essentially normal and that there was no sign of nerve damage. He did not mention the CAT scan in his report and apparently did not review it. Dr. Campbell ascribed the plaintiff's complaints of pain to bad posture, obesity, poor muscle tone and general inactivity. Dr. Campbell either overlooked or failed to consider the fact that both Dr. Johnston and Dr. Russell had recommended rest and limited activity and the plaintiff had followed this recommendation. Finally, Dr. Goldstein, a Rehabilitation Counselor who examined and tested the plaintiff at the request of the Disabilities Determination Service, also concluded that the plaintiff was disabled and could no longer work.
 
 
 10
 Dr. Johnston supported his conclusion of disability with detailed statements of limitations on motion, not as recounted by the plaintiff, but from his observations. He also relied on the x-rays and CAT scan, referred to as well by the other doctors except Dr. Campbell, as establishing a serious problem in the area of the fifth lumbar vertebra.
 
 
 11
 We conclude that the ALJ committed legal error in failing to credit the opinion of Dr. Johnston. If proper deference is given to Dr. Johnston's opinion, there is substantial evidence to support a finding of disability and there is not substantial evidence to support the ALJ's contrary findings. No other doctor except Dr. Campbell expressly disagreed with Dr. Johnston's assessment of the plaintiff's condition. The ALJ was not free to credit the opinion of the doctor who examined Weed one time after the hearing rather than that of the treating physician who saw the plaintiff over a period of years on a monthly basis and offered objective evidence and medical data in support of his opinion. Harris v. Heckler, 756 F.2d 431 (6th Cir.1985).
 
 
 12
 We also find no evidence in the record to support the ALJ's statement that the plaintiff had no motivation to return to work. The plaintiff had a good work record, attempted to return to work and was advised by several doctors that he could not return to work. No doctor felt that the plaintiff was malingering; in fact, all except Dr. Campbell noted the extreme difficulty with which the plaintiff moved, although they did not agree on the exact diagnosis.
 
 
 13
 Finally, the VE's testimony is suspect. The VE testified that a 46-year-old man who was a heavy equipment operator and functionally illiterate could be an information clerk in a bank lobby, could be a security monitor, could engage in telephone sales, and could work as a food and beverage clerk. The witness testified that with some adjustment the plaintiff could perform the required work in all these occupations even though she recognized that he could not read and that even simple writing was very difficult. She apparently based her conclusions on the fact that all the occupations she listed were sedentary, would require relatively little moving about or shifting from position to position, and could be performed with one leg elevated. We believe she failed to consider adequately the limitations resulting from his work background and borderline intellectual capacity.
 
 
 14
 The judgment of the district court is REVERSED and the case is REMANDED with instructions that the district court remand it to the Secretary with directions to enter an award of benefits.